**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ALFRED PITTMAN,

    Petitioner,

vs.

D. NEVEN, et al.,

    Respondents.

Case No. 2:07-CV-00593-RCJ-(RJJ)

**ORDER**

Before the Court are Respondents' Motion to Dismiss (#7) with Exhibits (#8), Petitioner's Opposition (#10), and Respondents' Reply (#11). The Court grants the motion because all four grounds of the Petition for a Writ of Habeas Corpus (#4) are procedurally defaulted.

Petitioner was convicted of misdemeanor battery in state justice court and, pursuant to a plea bargain, felony attempted battery with the use of a deadly weapon in state district court. Ex. I, pp. 3-4 (#8-3, pp. 11-12).[1] Petitioner appealed the latter judgment of conviction. The only ground that Petitioner raised was ineffective assistance of counsel. Id., p. 5 (#8-3, p. 13). The Nevada Supreme Court dismissed the appeal because Petitioner needed to raise that ground in a habeas corpus petition. Ex. K, p. 1 (#8-3, p. 23) (citing Gibbons v. State, 634 P.2d 1214, 1216 (Nev. 1981)). Remittitur issued on October 11, 2005. Ex. L (#8-3, p. 26).

Petitioner then filed in state district court a motion to correct an illegal sentence. Ex. M (#8-4, p. 2). Petitioner claimed that the conviction for misdemeanor battery and felony attempted battery with the use of a deadly weapon violated the Double Jeopardy Clause of the Fifth Amendment. Id., pp. 2-6 (#8-4, pp. 3-7). Petitioner claims the same thing in Ground 3 of his current Petition (#1).

---

[1] Page numbers in parentheses refer to the Court's computer images of the documents.

1   The district court denied the motion. Ex. P (#8-5, p. 2). Petitioner appealed. The Nevada Supreme
2   Court affirmed. It noted that an illegal-sentence motion may challenge only the facial legality of a
3   sentence:

> [E]ither the district court was without jurisdiction to impose a sentence or the sentence was imposed in excess of the statutory maximum. "A motion to correct an illegal sentence 'presupposes a valid conviction and may not, therefore, be used to challenge alleged errors in proceedings that occur prior to the imposition of sentence.'"

Ex. T, p. 2 (#8-5, p. 24) (quoting Edwards v. State, 918 P.2d 321, 324 (Nev. 1996), and Allen v. United States, 495 A.2d 1145, 1149 (D.C. 1985)). The court held that Petitioner was challenging the validity of the judgment of conviction, which is outside the scope of an illegal-sentence motion. Ex. T, p. 2 (#8-5, p. 24).

On January 18, 2007, Petitioner filed in state district court a habeas corpus petition. He raised three grounds, which correspond to Grounds 1, 2, and 4 of the current Petition (#1). The district court denied the petition because it was untimely. Ex. Z (#8-7, p. 26). See also Nev. Rev. Stat. § 34.726. Petitioner appealed, and the Nevada Supreme Court affirmed for the same reason. Ex. AA (#8-7, p. 33).

Petitioner then commenced this action. His Petition (#1) contains four grounds for relief.

Respondents argue that Grounds 1, 2, and 4 of the Petition (#1) are procedurally defaulted. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state-law ground that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 730-31 (1991).

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Id. at 750; see also Murray v. Carrier, 477 U.S. 478, 485 (1986). The ground for dismissal upon which the Nevada Supreme Court relied in this case is an adequate and independent state rule. Loveland v. Hatcher, 231 F.3d 640 (9th Cir. 2000); Moran v. McDaniel, 80 F.3d 1261 (9th Cir. 1996).

To demonstrate cause to excuse a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. Murray, 477 U.S. at 488.

To show prejudice, the petitioner "must establish 'not merely that the errors at his trial constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" Correll v. Stewart, 137 F.3d 1404, 1415 (9th Cir. 1998) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)).

With respect to prejudice, Petitioner states, "Petitioner's position that the prejudice of a unchallenged fundamental constitutional error, may overcome a minor procedurally barred [sic]." Opposition, p. 1 (#10). Nowhere in the Opposition does Petitioner explain what that prejudice is, and the Court finds none.

Petitioner gives two reasons why cause exists to excuse the procedural default. First, he argues that appellate counsel was ineffective for raising on direct appeal only the ineffective assistance of trial counsel, which cannot be raised on direct appeal, and not the issue of double jeopardy. Opposition, pp. 1-2 (#10). Appellate counsel's actions do not amount to good cause because of the nature of the dismissal of the state habeas corpus petition. The Nevada Supreme Court ruled that the petition was untimely. It did not rule that Petitioner could have raised that petition's claims on direct appeal. See Nev. Rev. Stat. § 34.810. Appellate counsel's failure to raise a double jeopardy ground on direct appeal does not explain why Petitioner waited more than a year to file his state habeas corpus petition.

Second, Petitioner argues that when the Nevada Supreme Court ruled on direct appeal that the ineffective-assistance claims are appropriately raised in a habeas corpus petition, Petitioner assumed that counsel would file a timely state habeas corpus petition. Counsel's representation of Petitioner terminated with the finality of Petitioner's judgment of conviction. Petitioner had no right to appointed counsel in post-conviction proceedings, and thus he had no right to effective assistance of counsel in post-conviction proceedings. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Bonin v. Vasquez, 999 F.2d 425, 428 (9th Cir. 1993). Therefore, Petitioner's incorrect assumption cannot be cause to excuse the procedural default of Grounds 1, 2, and 4.

Respondents argue that Petitioner has not exhausted his state-court remedies for Ground 3. Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982). A procedurally incorrect presentation does not exhaust the ground. See Castille v. Peoples, 489 U.S. 346, 351 (1989); see also Casey v. Moore, 386 F.3d at 916-18.

Petitioner presented the claim in Ground 3 to the state courts in his motion to correct an illegal sentence. See Ex. M (#8-4, p. 2). The Nevada Supreme Court ruled that Petitioner could not use that motion to challenge the validity of his judgment of conviction. Ex. T, p. 2 (#8-5, p. 24) (quoting Edwards, 918 P.2d at 324).

Petitioner argues that the Nevada Supreme Court has converted illegal-sentence motions into habeas corpus petitions. Opposition, p. 2 (#10) (citing Staley v. State, 787 P.2d 396 (Nev. 1990)). In Staley, the prosecution filed a motion to modify the sentence or to set aside the guilty plea agreement, and the defendant appealed from the granting of that motion. 787 P.2d at 397. The Nevada Supreme Court did not convert the motion in Staley into a petition for a writ of habeas corpus. Such a conversion would not have made sense because the prosecution filed the motion. Contrary to Petitioner's argument, the Nevada Supreme Court has stated that it would not convert illegal-sentence motions into habeas corpus petitions because that would be an abuse of the legal process. Edwards, 918 P.2d at 325.

Petitioner also argues that the Nevada Supreme Court could have considered the double jeopardy issue for the first time on the appeal from the denial of his illegal sentence motion. Opposition, p. 2 (#10) (citing Davis v. State, 817 P.2d 1169 (Nev. 1991), and White v. State, 670 P.2d 576 (Nev. 1983)). Both Davis and White involved procedurally correct state habeas corpus or post-conviction petitions in which the petitioners raised issues for the first time on direct appeal. Petitioner's problem was not that he raised double jeopardy for the first time on appeal, but that he filed a procedurally incorrect motion in the state district court. For that reason, Ground 3 is unexhausted. See Castille, 489 U.S. at 351.

-4-

Respondents argue that Ground 3 is also procedurally defaulted. If a return to state court to exhaust a ground would be procedurally barred, then that ground is procedurally defaulted in a federal habeas corpus petition. Coleman, 501 U.S. at 735 n.1. The Nevada Supreme Court has already determined that Petitioner filed his first state habeas corpus petition too late. If Petitioner returned to state court to exhaust Ground 3, his second state petition would also be untimely, and it would be barred unless he could show cause and prejudice. Nev. Rev. Stat. § 34.726. This Court has already determined that Petitioner could not show good cause to excuse the procedural default of Grounds 1, 2, and 4. State-court standards and federal-court standards for showing cause and prejudice are virtually identical. Robinson v. Ignacio, 360 F.3d 1044, 1052 n.3 (9th Cir. 2004). Given that Petitioner did not show cause and prejudice in his first state petition, and given that Petitioner did not show cause and prejudice to excuse Grounds 1, 2, and 4 in this action, then in all likelihood Petitioner would not be able to show cause and prejudice in state court to excuse the operation of § 34.726 in a second state habeas corpus petition.[2] Ground 3 is procedurally defaulted.

IT IS THEREFORE ORDERED that Respondents' Motion to Dismiss (#7) is **GRANTED**. This action is **DISMISSED** with prejudice as procedurally defaulted.

Dated: June 11, 2008

ROBERT C. JONES
United States District Judge

(ab-p4)

---

[2] The Court does not consider other potential state-law procedural bars, such as the bar on successive petitions, Nev. Rev. Stat. § 34.810, because those procedural bars were not at issue in the first state petition.